1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   UNITED STATES OF AMERICA,          CASE NO. CR16-0113JLR

11                    Plaintiff,        ORDER

12          v.

13   SANTOS PETER MURILLO,

14                    Defendant.

15          **I.    INTRODUCTION**

16          Before the court are three of Defendant Santos Peter Murillo's motions:  (1) a

17   motion to exclude the Government's expert witness, Seattle Police Department ("SPD")

18   Detective and Alcohol, Tobacco, and Firearms ("ATF") Officer Greg Tomlinson's

19   ("Detective Tomlinson") testimony pursuant to Federal Rule of Evidence 702 and

20   //

21   //

22   //

ORDER- 1

Federal Rule of Criminal Procedure 16(a)(1)(G) (1st Mot. (Dkt. # 43));[1] (2) a motion to exclude Detective Tomlinson's testimony on Confrontation Clause grounds (2d Mot. (Dkt. # 46)); and (3) a motion to compel discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) (3d Mot. (Dkt. # 48)).  The Government filed a single response, in which it opposes all of Mr. Murillo's motions.[2]  (Resp. (Dkt. # 55).)  Considering itself fully advised,[3] the court GRANTS in part and DENIES in part Mr. Murillo's motions as set forth below.

## II.    BACKGROUND

On April 6, 2016, the Government charged Mr. Murillo with four crimes:  (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and

---

[1] Mr. Murillo also filed a "supplement" to this motion, in which Mr. Murillo expands on his arguments in support of the motion.  (Supp. (Dkt. # 45).)  In this supplement, Mr. Murillo also seeks to exclude Detective Tomlinson's testimony on the basis of Federal Rule of Evidence 403.  (Supp. at 5.)

[2] Mr. Murillo did not file any replies in support of his motions.  (*See* Dkt.); Local Rules W.D. Wash. LCrR 12(b)(3) ("The moving party may, but is not required to, file and serve . . . a reply brief in support of the motion . . . no later than the noting date of the motion.").

[3] Mr. Murillo requested an evidentiary hearing and/or oral argument on his motions.  (*See* 1st Mot. at 1 (requesting oral argument and evidentiary hearing); 2d Mot. at 1 (requesting oral argument); 3d Mot. at 1 (requesting oral argument).)  However, the court concludes that neither an evidentiary hearing nor oral argument would be helpful to the court's disposition of these motions.  *See* Local Rules W.D. Wash. LCrR 12(b)(9) ("Each motion and response shall state whether an evidentiary hearing is requested.  Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.  A party desiring oral argument shall so indicate . . . .  If the court determines an evidentiary hearing is appropriate or grants a request for oral argument, the clerk will notify the parties of the date and hour thereof."); *United States v. Alatorre*, 222 F.3d 1098, 1104 (9th Cir. 2000) (holding that the district court did not abuse its discretion in not holding a pretrial evidentiary hearing on defendant's *Daubert* motion).

(b)(1)(A); (3) possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (*See* Compl. (Dkt. # 1).)  Mr. Murillo's trial is set to begin on October 12, 2016.  (PTC Min. Entry (Dkt. # 44).)  Pursuant to the court's oral ruling on September 28, 2016, the trial will be bifurcated into two phases.  (9/28/16 Min. Entry (Dkt. # 54).)  Trial will be held and the jury will deliberate and reach a verdict on counts two, three, and four.  (*Id.*)  After this first phase is complete, trial will proceed on count one.  (*Id.*)

On September 6, 2016, Mr. Murillo's attorneys requested that the Government provide them with a summary of expert witness testimony under Federal Rule of Criminal Procedure 16(a)(1)(G).  (*See* 9/6/16 Letter (Dkt. # 43-1).)  On September 18, 2016, the Government provided Mr. Murillo's attorneys with a list of expert witnesses that the Government intends to call at trial.  (*See* 9/18/16 Letter (Dkt. # 43-2).)  The Government noted that it intends to call Detective Tomlinson to testify about "drug trafficking, firearms in general, and the use of firearms in connection with drug trafficking."  (*Id.* at 1.)  The Government further stated that it

> anticipate[s] Detective Tomlinson will testify about the following:  (1) the general nature of illegal drug transactions, (2) his opinion of the monetary value of the controlled substances involved in this case, (3) whether the seized quantities of controlled substances are consistent with distribution, as opposed to personal consumption; (4) common methods and practices of drug dealers, including packaging and transportation of controlled substances, (5) the hierarchical nature of drug organizations, and (6) the relationship between firearms and drug trafficking, including the fact that drug dealers commonly possess firearms to protect themselves, their drugs, and their drug proceeds.

1  (*Id.*)

2      Mr. Murillo seeks to exclude Mr. Tomlinson's testimony as an expert

3  witness on several grounds and seeks additional discovery from the Government.

4  (*See* 1st Mot.; 2d Mot.; 3d Mot.)

5                        **III.    ANALYSIS**

6  **A.    Exclusion of Detective Tomlinson's Testimony**

7      Mr. Murillo seeks to exclude Detective Tomlinson's proposed testimony because

8  (1) the Government provided untimely notice of Detective Tomlinson's testimony; (2)

9  the summary the Government provided was insufficient under Federal Rule of Criminal

10  Procedure 16(a)(1)(G); (3) Detective Tomlinson's testimony does not meet the standards

11  for admissible expert testimony under Federal Rule of Evidence 702; (4) the probative

12  value of Detective Tomlinson's testimony is substantially outweighed by the danger of

13  unfair prejudice under Federal Rule of Evidence 403; and (5) Detective Tomlinson's

14  proffered testimony violates the Confrontation Clause.  (*See* 1st Mot.; 2d Mot.; Supp.)

15  The court considers each of these arguments in turn.

16      1.  The Government's Notice of Expert Witnesses Under Rule 16(a)(1)(G)

17      Upon the defense's request, the Government must provide certain information

18  about expert testimony that the Government intends to use at trial.  *See* Fed. R. Crim. P.

19  16(a)(1)(G).  Specifically, "[a]t the defendant's request, the government must give to the

20  defendant a written summary of any testimony that the government intends to use under

21  Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."

22  *Id.*

*a. Timing of the Disclosure*

Mr. Murillo argues that he has been prejudiced by the Government's late disclosures.  (1st Mot. at 4.)  He contends that providing him with "a summary of [Detective Tomlinson's] conclusions without the bases for the opinions, within two weeks of trial, places the defendant in a situation where he would not be able to secure a counter-expert in time for trial . . . ."[4]  (*Id.*; *see also id.* at 5 ("Providing the defense with the necessary Rule 16(a)(1)(G) materials within two weeks of trial leaves us without an opportunity to locate and retain a counter expert in order to effectively challenge [Detective Tomlinson's] anecdotal opinion testimony.")  To remedy this alleged prejudice, Mr. Murillo requests that the court exclude Detective Tomlinson's testimony. (*See id.* at 5.)

Rule 16(a)(1)(G) "is silent as to the timing of discovery, and courts have upheld disclosure even at relatively late stages of the proceedings leading up to trial, as long as there was no significant prejudice to the other party."  *United States v. Valentin*, Criminal Case Number: 3:14-cr-55 (VLB), 2016 WL 1211304, at *2 (D. Conn. Mar. 25, 2016) (internal quotation omitted).  For example, in *United States v. Mendoza-Paz*, 286 F.3d 1104, 1108 (9th Cir. 2002), the Government first disclosed its chemist expert witness four days before trial and the bases for the chemist's testimony on the first day of trial.  The court held that "[a]lthough the government did not provide summaries of the chemist's

---

[4] At the time Mr. Murillo filed this motion, trial was set to begin on October 3, 2016. (*See* 5/19/2016 Order (Dkt. # 20).)  At the September 20, 2016, pretrial conference, the court reset the trial to begin on October 12, 2016.  (*See* 9/20/16 Min. Entry (Dkt. # 44).)

1  anticipated testimony and qualifications until four days before trial, and did not provide

2  the names of the tests conducted on the marijuana until the first day of trial, the defendant

3  had not demonstrated significant prejudice." *Id.* at 1112.  The key inquiry is whether the

4  timing of the Government's disclosure prejudices the defendant.  *See id.*; *Valentin*, 2016

5  WL 1211304, at *2.  Even if disclosure is untimely, "[a] violation of Rule 16 does not

6  itself require . . . exclusion of the affected testimony." *United States v. Figueroa-Lopez*,

7  125 F.3d 1241, 1247 (9th Cir. 1997).

8      Mr. Murillo's sole claim of prejudice is that he cannot retain his own counter-

9  expert before trial starts.  (*See* 1st Mot. at 4-5.)  But Mr. Murillo expects to formalize an

10 agreement with a counter-expert to Detective Tomlinson by October 4, 2016.  (Def.'s Br.

11 (Dkt. # 56) at 3.)  In addition, the Government disclosed that Detective Tomlinson would

12 serve as an expert witness on September 18, 2016, nearly a month before trial begins.

13 (*See* 9/18/16 Letter; 9/20/16 Min. Entry.)  The court concludes that the Government's

14 Rule 16(a)(1)(G) disclosure was not untimely and Mr. Murillo has not demonstrated

15 significant prejudice.  Accordingly, the court denies Mr. Murillo's motion to exclude on

16 this basis.[5]

17 //

18 //

19

20      _____

21      [5] The court's determination that the Government failed to fully comply with Rule
   16(a)(1)(G) regarding the substance of the Government's disclosure, *see infra* § III.A.1.b, does
   not change this analysis.  The court orders the Government to provide Mr. Murillo with an

22 adequate summary of Detective Tomlinson's opinion, which Mr. Murillo's counsel will have
   several days before trial begins.  *See id.*

*b.   Content of the Disclosure*

Mr. Murillo argues that the Government's notice of Detective Tomlinson's testimony is further defective because it is a "bare bones summary [that] lists six broad categories." (1st Mot. at 5.) To remedy the alleged inadequacy, Mr. Murillo also requests that the court exclude the testimony. (*Id.* at 6.) The Government argues in response that it has made the necessary disclosure because it provided the defense with a list of topics on which Detective Tomlinson will testify, his curriculum vitae ("CV"), and "transcripts from three cases in the Western District of Washington where Detective Tomlinson had testified as an expert on the same areas that were listed in the expert notice." (Resp. at 15.) Taken together, the Government contends that it has provided the defense with all of the information to which the defense is entitled under the Rule. (*Id.*)

The written summary required under Rule 16(a)(1)(G) "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Government disclosure of "general topics" of an expert witness's expected testimony is insufficient. *Valentin*, 2016 WL 1211304, at *1. "[T]he summary must reveal the expert's actual opinions." *United States v. Ferguson*, 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) (citing *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) ("The government's notice provided a list of the general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects.").

The court agrees that the Government's disclosure is insufficient under Rule 16(a)(1)(G). The Government has not disclosed Detective Tomlinson's "actual

1   opinions." *See Ferguson*, 2007 WL 4539646, at *1.  Instead, the Government has

2   disclosed broad topics about which Detective Tomlinson will testify, along with

3   Detective Tomlinson's CV and testimony in prior, unrelated cases.  (Resp. at 15.)

4   Although the Government's disclosure summarizes Detective Tomlinson's qualifications

5   and the bases for the general topics to which he will testify, the disclosure does not tell

6   Mr. Murillo and his attorneys what Detective Tomlinson's specific opinions are in this

7   case.

8        Nevertheless, the court disagrees that excluding the testimony is necessary.

9   "[When] the government fails to comply with [Rule 16(a)(1)(G)], the district court may

10  order disclosure, grant a continuance, prohibit the government from offering the evidence

11  at trial, or grant whatever relief the district court deems just under the circumstances."

12  *United States v. Mendoza*, 244 F.3d 1037, 1046 (9th Cir.2001) (citing Fed. R. Crim. P.

13  16(d)(2)); *see also Valentin*, 2016 WL 1211304, at *3 (ruling that exclusion was not the

14  proper remedy for failing to provide actual expert opinions in disclosures and ordering

15  the Government to disclose the information before trial).  As discussed above, Mr.

16  Murillo is in the process of securing his own expert to counter Detective Tomlinson and

17  has not identified any significant prejudice from the Government's incomplete disclosure.

18  *See supra* § III.A.1.a.  Accordingly, the court orders the Government to disclose

19  Detective Tomlinson's actual opinions as to the general topics the Government has

20  already identified no later than Friday, October 7, 2016, at 5:00 p.m.  To the extent that

21  the Government's existing disclosure no longer adequately addresses the bases for

22  Detective Tomlinson's actual opinions, the court further orders the Government to

ORDER- 8

1  supplement that part of its disclosure.  The Government must also file its updated

2  disclosure with the court by the same deadline.

3        2.  <u>The Admissibility of Detective Tomlinson's Testimony Under Rule 702</u>

4        Mr. Murillo further contends that Detective Tomlinson's testimony is inadmissible

5  under Federal Rule of Evidence 702 because it is unreliable and unhelpful to the jury, and

6  he requests an evidentiary hearing to address the issue.  (1st Mot. at 6-7; Supp. at 1-3.)

7  Mr. Murillo challenges the reliability of Detective Tomlinson's testimony because "the

8  opinions go to the heart of the § 924(c) charge—that Mr. Murillo was in possession of a

9  firearm to further . . . drug trafficking,"  and the Government at this time has provided

10  only a "one paragraph summary listing 6 conclusions."  (1st Mot. at 7.)  He also argues

11  that the testimony will not be helpful to the jury because "the underlying facts of the

12  instant case are not sufficiently complex to justify expert testimony explaining the link, or

13  nexus, between firearms and drug trafficking."  (Supp. at 1.)

14        The Government responds that Detective Tomlinson's testimony is reliable

15  because "[d]uring the hundreds of drug investigations in which [Detective Tomlinson]

16  has participated as a uniformed officer, undercover agent and detective, he has observed

17  'sufficient facts or data' from which to draw his opinions."  (Resp. at 4 (quoting *United*

18  *States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)).)  The Government also

19  challenges Mr. Murillo's contention that the testimony would not be helpful to the jury

20  because "[s]uch evidence is particularly insightful for members of a petit jury" and "it is

21  safe to assume [they] lack meaningful experience with the illicit drug trade."  (*Id.* at 6.)

22  *//*

1    A court has broad discretion to admit expert testimony if it meets the requirements

2  of Federal Rule of Evidence 702.  *See United States v. Murillo*, 255 F.3d 1169, 1178 (9th

3  Cir. 2001) (noting the court's broad discretion to assess the relevance and reliability of

4  expert testimony); Fed R. Evid. 702.  Under Rule 702, a witness who "is qualified as an

5  expert by knowledge, skill, experience, training, or education" may testify as an expert if:

6  (1) "the expert's . . . specialized knowledge will help the trier of fact to understand the

7  evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or

8  data"; (3) "the testimony is the product of reliable principles and methods"; and (4) the

9  witness "has reliably applied the principles and methods to the facts of the case."  Fed. R.

10 Evid. 702.  The district court must "perform a gatekeeping function to ensure that the

11 expert's proffered testimony is both reliable and relevant."  *United States v. Christian*,

12 749 F.3d 806, 810 (9th Cir. 2014) (internal quotation omitted).  "Relevancy simply

13 requires that '[t]he evidence . . . logically advance a material aspect of the party's case.'"

14 *Estate of Henry Barbain v. Astenjohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014)

15 (quoting *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007)).  Reliability requires the

16 court to assess "whether an expert's testimony has 'a reliable basis in the knowledge and

17 experience of the relevant discipline.'"  *Id.* (quoting *Kumho Tire Co., Ltd. v. Carmichael*,

18 526 U.S. 137, 149 (1999) (citation and alterations omitted)).  In making its reliability

19 determination, the court is concerned with the soundness of the methodology, not with

20 the correctness of the expert's conclusions.  *Id.*

21    Where the expert's testimony is "based on some 'other specialized knowledge,'

22 Rule 702 generally is construed liberally."  *Hankey*, 203 F.3d at 1168.  "The *Daubert*

factors (peer review, publication, potential error rate, etc.) simply are not applicable to

this kind of testimony, whose reliability depends heavily on the knowledge and

experience of the expert, rather than the methodology or theory behind it." *Id.* at 1169.

Accordingly, the Ninth Circuit routinely holds that expert testimony about criminal

activity based on an expert's law enforcement experience is reliable and helpful. *See,*

*e.g.*, *United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984) ("The federal courts

uniformly hold . . . that government agents . . . may testify as to the general practices of

criminals to establish the defendants' modus operandi."); *Figueroa-Lopez*, 124 F.3d at

1247; *United States v. Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009) (noting in a 18 U.S.C.

§ 924(c)(1)(A) case that "[l]aw enforcement experts may testify as to the general

practices of criminals to establish the defendants' modus operandi"); *Murillo*, 255 F.3d at

1176-77 (upholding the admission of Drug Enforcement Agency ("DEA") Special Agent

testimony about *modus operandi* of drug traffickers); *United States v. Segundo-Orellana*,

541 F. App'x 751, 753 (9th Cir. 2013) (upholding the admission of expert testimony of a

Border Patrol agent and a DEA agent based on their experience).

    Based on this authority, the court denies Mr. Murillo's request for an evidentiary

hearing and concludes that the reliability and helpfulness of Detective Tomlinson's

proffered testimony will be tested at trial. *See Alatorre*, 222 F.3d at 1104 (holding that a

district court need not hold a pre-trial evidentiary hearing on the admissibility of expert

testimony). The type of testimony Detective Tomlinson will give—about criminal *modus*

*operandi* derived from his law enforcement experience—is often deemed admissible

under Federal Rule of Evidence 702 as helpful to the trier of fact and reliable. *See*

1   *Johnson*, 735 F.2d at 1202; *Figueroa-Lopez*, 124 F.3d at 1247; *Anchrum*, 590 F.3d at

2   804; *Murillo*, 255 F.3d at 1176-77; *Segundo-Orellana*, 541 F. App'x at 753.  In addition,

3   Detective Tomlinson has expertise in the area in which he will testify because he has

4   served as a uniformed officer, a detective, and an undercover agent for a total of 23 years

5   in hundreds of drug investigations.  (*See* 2d Mot. Ex. D ("Tomlinson CV")); Fed. R.

6   Evid. 702 (stating that a witness may be "qualified as an expert by knowledge, skill,

7   experience, training, or education").

8          However, the court cannot at this time fully perform the reliability inquiry that

9   Rule 702 mandates because the court does not have sufficient information about whether

10  Detective Tomlinson's testimony is "based on sufficient facts or data," whether the

11  testimony "is the product of reliable principles and methods," and whether Detective

12  Tomlinson "has reliably applied the principles and methods to the facts of the case."[6]

13  Fed. R. Evid. 702.  Therefore, the court denies Mr. Murillo's motion to exclude on Rule

14  702 grounds without prejudice to renewing the challenge at trial when Detective

15  Tomlinson's qualifications and the reliability of his testimony are tested through *voir*

16  *dire*.[7]

17  _____

18        [6] The court also cannot make the necessary Rule 702 determination because the
     Government must first fully comply with the notice requirement under Federal Rule of Criminal
19   Procedure 16(a)(1)(G) to admit Detective Tomlinson's testimony under Federal Rule of
     Evidence 702.  *See U.S. v. Lloyd*, 807 F.3d 1128, 1153 (9th Cir. 2015) (The Government's expert
20   witness's "testimony was not admissible under Rule 702 of the Federal Rules of Evidence
     because the [G]overnment did not give the defendants the notice required under Rule 16 of the
21   Federal Rules of Criminal Procedure." (citing Fed. R. Crim. P. 16(a)(1)(G))).

22        [7] The court is not persuaded by Mr. Murillo's citation to *United States v. Rodriguez*,
     CR10-0384-MJP, Dkt. # 105 (W.D. Wash.).  In that case, the court ordered a new trial in part

1    Mr. Murillo also argues that, even if the testimony meets Rule 702's requirements,

2    the probative value of Detective Tomlinson's testimony is substantially outweighed by a

3    danger of unfair prejudice.[8]  (*See* Supp. at 5); Fed. R. Evid. 403 ("The court may exclude

4    relevant evidence if its probative value is substantially outweighed by a danger

5    of . . . unfair prejudice . . . .").  The court declines to address this argument at this time

6    because the court has not yet determined that Detective Tomlinson's testimony qualifies

7    as admissible expert testimony under Rule 702.  In addition, Mr. Murillo presents no

8    substantive argument on the issue.  (*See* Supp. at 5.)  Mr. Murillo may, however, renew

9    this argument at trial should the court determine that Detective Tomlinson's testimony

10   meets the Rule 702 requirements.

11        3.   Detective Tomlinson's Testimony and the Confrontation Clause

12        Mr. Murillo next contends that Detective Tomlinson's testimony will violate Mr.

13   Murillo's Sixth Amendment right to confront "the witnesses against him."  U.S. Const.

14   amend VI.  Mr. Murillo argues that "[t]o the extent that [Detective] Tomlinson's

15   proposed testimony relies on the experiences and anecdotes of others, such as DEA

16   _____

17   because the trial witness's opinion "lack[ed] sufficient indicia of reliability" to qualify as expert
     testimony and the Government told the jury in closing argument to ignore the witness's

18   expertise.  *Id.* at 8.  The court's after-the-fact determination that the proffered expert testimony
     was not reliable and not helpful to the jury based on the events at trial does not persuade the

19   court that it should determine Detective Tomlinson's testimony is inadmissible on the basis of
     Mr. Murillo's pre-trial motion, particularly in light of the vast body of Ninth Circuit case law

20   upholding the admissibility of expert testimony by law enforcement officials as to criminal
     *modus operandi.*

21        [8] The Government responds that "[r]efusing to admit this testimony would amplify, not

22   reduce, the jury's potential for misunderstanding the evidence and misapplying the law."  (Resp.
     at 7.)

ORDER- 13

1   trainers or fellow officers or informants," that testimony violates the Confrontation

2   Clause because Detective Tomlinson "will be introducing out-of-court statements from

3   sources that [Mr.] Murillo cannot effectively challenge or confront." (2d Mot. at 3.)   Mr.

4   Murillo points to Detective Tomlinson's CV as support for this argument. (*Id.* at 9.) He

5   contends that "[Detective] Tomlinson's testimony is repackaged testimonial hearsay that

6   cannot be tested through cross-examination" because "[i]t relies on informants, criminals,

7   and convicts." (*Id.* at 9.) The Government responds that Detective Tomlinson may offer

8   "a synthesized opinion based upon myriad sources encountered throughout a more than

9   twenty-year career" without running afoul of the Confrontation Clause. (Resp. at 11.)

10          "The Confrontation Clause of the Sixth Amendment guarantees the right of an

11   accused in a criminal prosecution 'to be confronted with the witnesses against him.'"

12   *United States v. Cazares*, 788 F.3d 956, 983 (9th Cir. 2015). "[A] defendant's

13   Confrontation Clause rights are violated by the admission of 'testimonial statements of a

14   witness who did not appear at trial unless he was unavailable to testify, and the defendant

15   had . . . a prior opportunity for cross-examination.'" *United States v. Vera*, 770 F.3d

16   1232, 1237 (9th Cir. 2014) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54

17   (2004)). Testimonial statements include "statements contained in formalized testimonial

18   materials, such as affidavits, depositions, prior testimony, or confessions" and

19   "statements that were made under circumstances which would lead an objective witness

20   reasonably to believe that the statement would be available for use at a later trial."

21   *Crawford*, 541 U.S. at 51-52.

22   //

ORDER- 14

1    Under Federal Rule of Evidence 703, an expert witness may "offer opinions based

2  on such inadmissible testimonial hearsay, as well as any other form of inadmissible

3  evidence, if 'experts in the particular field would reasonably rely on those kinds of facts

4  or data in forming an opinion on the subject.'"  *Vera*, 770 F.3d at 1237 (quoting Fed. R.

5  Evid. 703)).  An expert witness's testimony generally does not violate a defendant's

6  Confrontation Clause rights when the expert "appl[ies] his training and experience to the

7  sources before him and reach[es] an independent judgment."  *United States v. Gomez*,

8  725 F.3d 1121, 1125 (9th Cir. 2013).  An expert violates the defendant's Confrontation

9  Clause rights only when the expert "is used as little more than a conduit or transmitter for

10 testimonial hearsay, rather than as a true expert whose considered opinion sheds light on

11 some specialized factual situation."  *Id.*; *see also United States v. Mejia*, 545 F.3d 179,

12 (2d Cir. 2008) (Expert testimony violates the Confrontation Clause if the expert

13 "communicated out-of-court testimonial statements of cooperating witnesses and

14 confidential informants directly to the jury in the guise of an expert opinion.").

15 Therefore, "the key question for determining whether an expert has complied with

16 *Crawford* is the same as for evaluating expert opinion generally:  whether the expert has

17 developed his opinion by applying his extensive experience and a reliable methodology."

18 *Vera*, 770 F.3d at 1237-38.

19    Mr. Murillo's argument ignores that an expert in a criminal case may "apply his

20 training and experience to the sources before him and reach an independent judgment."

21 *See Gomez*, 725 F.3d at 1125.  The fact that Detective Tomlinson's proffered testimony is

22 based on his experience interacting with "informants, criminals, and convicts" does not

1   mean that his testimony will necessarily consist of out-of-court testimonial statements.

2   (*See* 2d Mot. at 9.)  To argue this point, Mr. Murillo cites to Detective Tomlinson's

3   statements in his CV that he "learned how dealers and users talked by actually talking to

4   them during drug deals," "listened to hours of conversation between suspects and

5   informants, or suspects and undercover agents," and interviewed suspects.  (*Id.*)  But the

6   mere fact that this information may constitute testimonial statements[9] does not preclude

7   Detective Tomlinson from testifying as to an opinion he derived from these statements.

8   *See Gomez*, 725 F.3d at 1125; *Vera*, 770 F.3d at 1237-38.  At this stage, there is no

9   indication that Detective Tomlinson will necessarily present testimonial hearsay in the

10   guise of an expert opinion solely because of his background.

11          In addition, as Mr. Murillo's motion makes clear, Detective Tomlinson's firsthand

12   experience policing criminal drug trafficking forms part of the basis for his opinions.

13   (*See* 2d Mot. at 8.)  For example, Mr. Murillo notes Detective Tomlinson's involvement

14   "in street level narcotics activity on a daily basis," "dozens of arrests related to their sale,

15   possession and use during the year [Detective Tomlinson] was there," and "street level

16   purchases of cocaine, crack cocaine, heroin and marijuana" as reasons why Detective

17   Tomlinson's testimony violates the Confrontation Clause.  (*Id.* (quoting Tomlinson CV).)

18   This list, however, describes Detective Tomlinson's own experiences, not something that

19   could be construed as another person's out-of-court testimonial statements.

20   //

21   _____

22          [9] The court makes no determination at this time as to whether the kinds of statements Mr.
Murillo references are in fact testimonial statements.  *See Crawford*, 541 U.S. at 51-52.

1    For these reasons, Mr. Murillo's motion to exclude Detective Tomlinson's expert

2    testimony on Confrontation Clause grounds is denied.  As with Mr. Murillo's Rule 702

3    argument, however, the court's denial is without prejudice to Mr. Murillo re-raising this

4    argument should Detective Tomlinson's testimony at trial—if admitted—amount to

5    testimonial hearsay presented as expert opinion.

6    **B.    Discovery Pursuant to Rule 16(a)(1)(E)**

7    Finally, Mr. Murillo requests that the Government provide him with a "case

8    history of Detective Tomlinson where he was assigned as detective on criminal

9    investigations involving drugs or guns or both."  (3d Mot. at 2.)  Although it is unclear

10   what exactly Mr. Murillo means by "case history," Mr. Murillo's request asks the

11   Government to provide "[o]nly . . . case names and case numbers for completed

12   investigations."  (*Id.*)  Mr. Murillo argues that this information is material to his defense

13   because it constitutes the "underlying data" for Detective Tomlinson's testimony, which

14   the defense needs to review "in preparing our examination of the witness in accordance

15   with [Federal Rules of Evidence] 702 and 703."  (*Id.* at 3.)

16   The Government objected to Mr. Murillo's request as "overbroad, burdensome,

17   and irrelevant given the scope of [Detective Tomlinson's] work as set forth in his CV."

18   (3d Mot. Ex. A (Dkt. # 48-1), at 1.)  In response to Mr. Murillo's motion, the

19   Government further contends that Rule 16(a)(1)(e) "cannot be read to require the

20   production of every report, training material, record, etc., upon which the general expert

21   knowledge is based" because "[s]uch an interpretation would lead to absurd and

22   //

ORDER- 17

1    far-reaching results whenever an expert witness is endorsed by the Government in a

2    criminal prosecution."  (Resp. at 17.)

3         "Federal Rule of Criminal Procedure 16 grants criminal defendants a broad right

4    to discovery."  *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).  "Upon a

5    defendant's request, the government must permit the defendant to inspect and to copy or

6    photograph books, papers, documents, data, photographs, tangible objects, buildings or

7    places, or copies or portions of any of these items, if the item is within the government's

8    possession, custody, or control and . . . the item is material to preparing the defense."

9    Fed. R. Crim. P. 16(a)(1)(E).  Information is in the Government's possession "if the

10   prosecutor 'has knowledge of and access to the documents sought by the defendant.'"

11   *Stever*, 603 F.3d at 752 (quoting *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir.

12   1995)).  The Government therefore has "'no duty to obtain documents that are controlled

13   by the state government or police, even if the prosecution is aware of the items.'"  *United*

14   *States v. Stapleton*, Criminal No. 12-11-A RT-(1), 2013WL 3967951, at *9 (E.D. Ky.

15   July 31, 2013) (quoting *United States v. Hamilton*, 107 F.3d 499, 509 n.5 (7th Cir. 1997)

16   (collecting cases)); *cf. Santiago*, 46 F.3d at 894 (holding that the Government had

17   "possession and control" over another federal agency's files).

18        "Materiality is a low threshold" that is "satisfied so long as the information"

19   requested helps a defendant "to prepare a defense."  *United States v. Hernandez-Meza*,

20   720 F.3d 760, 768 (9th Cir. 2013).  However, "[n]either a general description of the

21   information sought or conclusory allegations of materiality suffice."  *United States v.*

22   *Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990); *see also United States v. Gonzalez*, --- F.

App'x ---, 2016 WL 4137643, at *1 (9th Cir. Aug. 4, 2016) (quoting *Mandel*, 914 F.2d at

1219).  Accordingly, a defendant must demonstrate "specific facts, beyond allegations,

relating to materiality." *Santiago*, 46 F.3d at 895.  The court may consider the materiality

of the requested information in light of the burden the request places on the Government.

*Mandel*, 914 F.2d at 1219 ("[W]here . . . the government has shown that complying with

the request would be unduly burdensome, it is incumbent on the district court to consider

the government interests asserted in light of the materiality shown.").

Here, Mr. Murillo has not made the requisite showing that all of the information

he seeks is material to his defense.  In both his broad request and his motion to compel,

Mr. Murillo has given only a "general description of the information" he seeks, *Mandel*,

914 F.2d at 1219, and has not provided "specific facts" showing that the case information

he seeks from the entirety of Detective Tomlinson's 23-year career is material to his

defense, *Santiago*, 46 F.3d at 895.  He explains only that this information will help his

counsel to examine Detective Tomlinson "in accordance with [Federal Rules of

Evidence] 702 and 703." (3d Mot. at 3.)  In addition, Mr. Murillo makes no distinction in

his request between information in a federal agency's custody and that in the SPD's

custody.  (*Se*e 3d Mot.); *Stapleton*, 2013 WL 3967951, at *9.  For its part, the

Government responds that Mr. Murillo's request would require the Government to

provide an inordinate amount of material.  (*See* Resp. at 17.)  When Mr. Murillo's

showing of materiality is viewed in light of the burden on the Government, *see Mandel*,

914 F.2d at 1219, Mr. Murillo is entitled to more limited discovery than he requests.

//

1    Mr. Murillo's citation to the recent Ninth Circuit Court of Appeals decision in

2  *United States v. Soto-Zuniga*, --- F.3d ---, 2016 WL 4932319 (9th Cir. 2016) does not

3  change the court's analysis.  (3d Mot. at 2-3.)  In *Soto-Zuniga*, the defendant argued in

4  his defense that a border checkpoint was unconstitutional and requested discovery of

5  arrest and search statistics for the checkpoint.  *Id.* at *1.  The district court denied the

6  discovery request because it found the information sought was immaterial to Soto-

7  Zuniga's defense and inadmissible at trial.  *Id.* at *8.  The Ninth Circuit reversed, holding

8  that the request was in fact material to the constitutional challenge to the checkpoints.  *Id.*

9  The Ninth Circuit further reiterated that the documents did not have to be admissible to

10 be discoverable.  *Id.*  Therefore, *Soto-Zuniga* merely stands for the proposition that, even

11 where information is sensitive or ultimately inadmissible, it must be disclosed if the

12 defense makes the requisite showing.  *See id.*

13   The court concludes that the Government must provide to Mr. Murillo every

14 specific report upon which Detective Tomlinson will rely at trial,[10] case details for any

15 specific case or investigation that Detective Tomlinson will discuss at trial, and the

16 transcripts of every trial in which Detective Tomlinson has testified as an expert.[11]

17   _____

18   [10] In its response, the Government contends that it "will provide to [the defense] any
19 report upon which Detective Tomlinson specifically relies for testimony regarding the gun/drug
   nexus." (Resp. at 18.)  The Government asserts, however, that Detective Tomlinson is unlikely
   to rely on any specific report because he will instead "rely on his extensive experience as a law
20 enforcement officer in this area."  (*Id.*)

21   [11] Mr. Murillo has also requested that the Government provide him with "[a]ll cases (case
   names and case numbers) where [Detective] Tomlinson was called as an expert to testify in open
22 court (both State and Federal)."  (3d Mot. at 2.)  The Government agreed to produce this
   information.  (*Id.*)

ORDER- 20

1   However, the Government need not produce material, such as SPD files and records, that

2   is not in the Government's possession.  *See, e.g.*, *Stapleton*, 2013 WL 3967951, at *9.

3   The Government is ordered to comply with this request no later than Friday, October 7,

4   2016, at 5:00 p.m. and to supplement its production if at any time the Government

5   becomes aware of and is in possession of additional material responsive to Mr. Murillo's

6   requests and within the scope of this order.

7                               **IV.    CONCLUSION**

8           Based on the foregoing analysis, the court DENIES in part and GRANTS in part

9   Mr. Murillo's motions (Dkt. ## 43, 46, 48).  The court ORDERS the Government to

10  provide Mr. Murillo with a summary of Detective Tomlinson's specific opinions no later

11  than Friday, October 7, 2016, at 5:00 p.m.  The court further ORDERS the Government

12  to file the summary with the court by the same deadline.  The court also ORDERS the

13  Government to provide Mr. Murillo discovery materials consistent with this order no

14  later than Friday, October 7, 2016, at 5:00 p.m.

15          Dated this 4th day of October, 2016.

16

17

18                                              _____
                                                JAMES L. ROBART
19                                              United States District Judge

20

21

22

ORDER- 21