UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0113JLR |
| Plaintiff, | ORDER ON REQUEST FOR CLARIFICATION |
| v. | |
| SANTOS PETER MURILLO, | |
| Defendant. | |

Before the court is Defendant Santos Peter Murillo's request for clarification of the court's October 1, 2020 order regarding Mr. Murillo's *pro se* filings. (*See* Request for Clarification (Dkt. # 156); *see also* 10/1/20 Order (Dkt. # 147).) As the court noted in its prior order, the court received a motion for relief from judgment and a motion for judicial notice from Mr. Murillo on September 24 and 25, 2020, respectively. (*See* 10/1/20 Order at 1.) The court struck those filings because Mr. Murillo filed them *pro se* even though he has court-appointed counsel in this criminal matter. (*See id.* at 1-2.) Mr. Murillo now seeks clarification of the basis of that order. (*See generally* Request for

ORDER - 1

1 | Clarification.) Specifically, Mr. Murillo informs the court that he understood that his
2 | court-appointed counsel was appointed only for purposes of Mr. Murillo's pending
3 | motion for compassionate release, and not his 28 U.S.C. § 2255 habeas petition, which is
4 | also pending before the court. (*See id.* at 1-2); *see also Murillo v. United States of*
5 | *America*, Case No. C20-0484JLR. Because Mr. Murillo is not represented by counsel in
6 | his parallel habeas proceedings, he believed that he was entitled to file the motion for
7 | relief from judgment and motion for judicial notice *pro se*. (*See* Request for Clarification
8 | at 1-2.)

9 | Here, Mr. Murillo's critical error is his failure to properly label his filings to
10 | distinguish between this criminal case and the parallel habeas proceedings. Mr. Murillo
11 | is correct that he is proceeding *pro se* in his civil habeas case and, as such, he is entitled
12 | to file documents *pro se* in that matter. However, the court struck Mr. Murillo's filings
13 | because both filings were captioned with the case information and case number for this
14 | criminal proceeding, not his parallel civil habeas proceeding. Thus, because Mr. Murillo
15 | labeled the motion for relief from judgment and the motion for judicial notice with the
16 | information from this criminal case, the court believed that Mr. Murillo intended to file
17 | those documents in this criminal case. As the court explained, however, the court has
18 | appointed Mr. Murillo counsel for his criminal case, which means that Mr. Murillo may
19 | not file *pro se* motions in this criminal proceeding unless he complies with the
20 | requirements of Local Civil Rule 83.2(b)(5). (*See* 10/1/20 Order at 1-2 (citing Local
21 | Rules W.D. Wash. LCrR 1(a) (adopting Local Rules W.D. Wash. LCR 83.2(b) for
22 | criminal proceedings); Local Rules W.D. Wash. LCR 83.2(b)(5) (requiring a represented

party that seeks to appear or act *pro se* to "request[] by motion to proceed on his or her own behalf, certif[y] in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and [receive from the court] an order of substitution by the court terminating the party's attorney")).) Thus, the court struck Mr. Murillo's filings and declined to add them to the docket because they were improperly filed *pro se*.

For future filings, the court advises Mr. Murillo that any filings that he wishes to file in his civil habeas proceeding must be labeled with the case caption from Mr. Murillo's civil case and the case number from that case (C20-0484JLR). In contrast, for future filings in this case, Mr. Murillo must either file documents through his court-appointed counsel or comply with Local Civil Rule 83.2(b)(5). For the avoidance of doubt, the court also reiterates that it has appointed counsel for Mr. Murillo only in this criminal matter and not in his parallel civil habeas case. *See Murillo v. United States of America*, Case No. C20-0484JLR, Dkt. # 12 at 3 (May 8, 2020) (declining to appoint counsel for Mr. Murillo in his civil habeas petition).

Finally, to the extent that Mr. Murillo intended to file the motion for relief from judgment and the motion for judicial notice in his civil habeas matter, the court notes that the court has already dismissed Mr. Murillo's 28 U.S.C. § 2255 petition and denied a certificate of appealability. *See Murillo v. United States of America*, Case No. C20-0484JLR, Dkt. # 39 at 8-28 (Sept. 25, 2020). If Mr. Murillo had filed his motion for judicial notice in his civil case, the court would have disregarded it as untimely and improper because it asked the court to take judicial notice of caselaw, which is not a

proper use of judicial notice.  The court considered all relevant caselaw in denying Mr. Murillo's motion to dismiss.  Additionally, the motion for relief from judgment sought a new criminal trial based on newly discovered evidence, but Mr. Murillo's request was improperly based on Federal Rule of Civil Procedure 60(b).  *See* Fed. R. Civ. P. 60(b).  Moreover, the court already construed portions of Mr. Murillo's Section 2255 petition as a motion for a new trial under Federal Rule of Criminal Procedure 33 and concluded that Mr. Murillo was not entitled to a new trial.  *See Murillo v. United States of America*, Case No. C20-0484JLR, Dkt. # 39 at 19-21 (Sept. 25, 2020).  In sum, even if both of the now-stricken filings had been properly captioned with the case information and case number from Mr. Murillo's civil case, those filings would have been improper and would not have impacted the court's decision to dismiss Mr. Murillo's habeas petition.

Dated this 13th day of November, 2020.

JAMES L. ROBART
United States District Judge